Number 161254, Scott Phillips v. Equity Residential Mgmt., LLC Good morning members of the panel. My name is David Pastor and I represent the appellant. Before I start, I would like to reserve two minutes please. We are here because of the District Court's failure to consider Plaintiff's Class Certification motion in this case and not to rule on it. That was done in disregard of the clear Rule 23 mandate to do so. So what we are asking the Court to do by virtue of this appeal is to hit the rewind button, vacate the judgment and the summary judgment order, and the interim orders that go back to that point, and to take us back to a time when the Court had pending before it a fully briefed Class Certification motion and a fully briefed Summary Judgment motion and direct the Court to consider the Class Certification motion, which it never did. Counsel, can I just talk to you about the case? I think our circuit law goes against you on the question of whether the District Court in fact was obligated to reach your Class Certification issue. So if that question were just alone by itself, I would tend to think you would lose. I don't think the Campbell-Europe case gives you a leg up on that. But you also have some other claims in the case. You claim that on the Jurat question you were entitled to treble damages, that Judge Sobel was in error on that. You also claim that she should have reached your other two security deposit claims. If you're right on that, then maybe the case goes back and then the question of mootness of the class action isn't there. But you've made it clear, I think, in your reply brief that what you really care about here is the class action, not so much the other two things. Well, it's not that we don't care about those other two things. We don't think, as we indicated in our reply brief, we don't believe that this Court has to reach the issue of the treble damages. And I do think the precedent supports us on the Class Certification issue because the Rule 23 mandate is very clear. Rule 23 says that... Okay, just a minute. Are you making a concession that we don't need to reach the question of the 93A damages if we rule against you on the class point? No, I'm not making that concession. What I'm saying is that if the Court grants the relief that we request and remands the case back to the District Court and directs the District Court... On what basis would we remand? Because the judgment was entered in this case, and it was entered on an individual basis only. And we think that was an error. It was an error because... Okay, let's assume it's not an error. Okay. Then what? What do you want? I'm sorry? What do you want? Can I just clarify one thing because I want to make sure we're talking about the same point? You're making an argument that there was an abuse of discretion under Rule 23. Okay. Let's say a precedent is against you on that. You're separately arguing that even if she was entitled under Rule 23 to decide the merits of the summary judgment motion first, I thought you were also arguing she was wrong to conclude that by doing so it mooted the class claim. I think that's correct. So one thing you could be saying is even if she didn't commit an abuse of discretion under Rule 23, she still has to confront the class claim because even if you got all the relief, as she put it, that you wanted, which I'm not sure is the right way to put it, that still doesn't moot the class claim and we should reverse so she confronts the class claim. I think that's correct, Your Honor. That's an alternative argument. If we did that, we would still need to reach the trouble damages issue, wouldn't we? Otherwise you'd be throwing away that issue for the class. No, we're not throwing it away because the court would at some point, let's say that happened, the case were remanded back, then the court would have to determine class certification. And if it did so and favorably and certified the class, then the court would have to at some point enter a judgment for the class. And that judgment would either, a number of things, would either include or exclude trouble damages. It wouldn't make a whole lot of sense for the whole case to go through the entire class on the assumption that she'd be operating under what there was no trouble damages if she was wrong about that. Which is presumably why it's up for us for appeal now along with the question of whether the class is moot. Right. And I guess, well, let me take it in two steps. First of all, what we thought was that if the court were to remand and vacate the judgment, summary judgment, and go back to that point, then we thought that for the court to consider the trouble damages would be somewhat in the nature of an advisory opinion. And that's something that we didn't think this court would or perhaps should do. But this is a slightly different scenario because if we're going, if we're simply reversing, this court is reversing and directing the court to consider class certification post-summary judgment, which I think is the question, then, yes, then I think it's a little bit different. And I think that at that stage, the court could and perhaps should examine the trouble damages issue. We didn't spend time in our pod because we felt it was adequately briefed in our opening brief, and we certainly didn't weigh the argument, nor are we doing so now. But I think that it's clear to us that the court, based on the Massachusetts State Court decisions, should have applied the trouble damages. There's at least two state intermediate appellate decisions in Massachusetts which have applied trouble damages in analogous or similar situations where a landlord violates the security process statute by submitting what I would call a noncompliant statement of damages, either lack of a sworn statement, which was in this case, or other noncompliances. But they do it in a timely manner, like within the 30 days after the tenant vacates. And that violation creates a forfeiture. That's the basis for the claim. So if he doesn't comply with the statute, the landlord, he forfeits under those conditions an improper statement of damages, he forfeits his right to retain the security deposit, all of it, for any reason. Can I just understand that? Go ahead. Yeah. So you're making two arguments. One is the federal district court was bound by precedent to follow the state court and actually applied the wrong legal test as to whether she had to follow the state court action or not. And the second is independently, even on her analysis, she's wrong? Well, there's more than that, really. Even if the district court judge wasn't bound to follow the intermediate appellate court judgment, we think that she still was wrong in terms of the analysis, the statutory interpretation analysis, which I guess is similar, Judge Litz, to what you're saying. So now we'll turn to my colleague's question, which fits neatly after mine. So I want to just ask then, assuming you're right on the trouble damages, I understand why she hasn't fully disposed of, you want us to reverse on the trouble damages holding, but you also say she should have reached the other two claims. And I understand the cleaning charge, and I understand why that might be relevant if the class claim is back on the table. But just to be, it's a small part of the case, but just to determine what we need to know. If the class claim, if she was right that the class claim was moved, and she was right that she had the discretion to decide the merits of the assembly judgment first, are you contending that it's important for us to decide not just the trouble damages issue, but also the other two claims? Because they all seem to rise and fall together. It seems odd under the statute that you could get more than trouble with a security deposit. Right, but I think that there's an interrelationship between the other claims and the issue of whether a class should be certified. Yeah, no, I understand that. I understand that. Well, and here's, but if I can... But just assuming the individual relief, the maximum is security deposit troubled, not security deposit troubled for each theory of the violation. No. Okay. But when courts have, and I'm talking about the Massachusetts State Courts, when they have examined this issue and found violent, they most often list the violations of the security deposit action that they found. And I think it's important for appellate rights, but it's also important for the class itself. I understand the point that you only have one security deposit. I get that. And so if you get it back, you get it back. But Scott Phillips, the plaintiff in this case, has standing to represent the different claims. And there are people... That's right if you're right on the Mootness issue. Well, and there are people, and they're affected by one of them that might not be affected by another one, so therefore I think that... So you think that the class... I'm sorry. So you think that the class issues could be broader, in other words, because some of the plaintiffs would be not quite similarly situated because their claim might be a little bit different, and the class would encompass that as well? Well, they're all... Within each class or subclass, they're similarly situated, yes. But take, for example, the cleaning charge. Some people were affected by that, but not by another one. The plaintiff was affected by all three. Do you agree that the standard review is of use of discretion on the question of determining to decide the summary judgment first? I think it is a... I think it probably is a discretionary standard, yes. I just think, and I know I've been told that I'm wrong on that, but I think that it's... The discretion ends where the mandate begins, on Rule 23. And I've already... I've been told that that's not... And if we... If this case went forward, given the fact that there is a... Judge Zobel read the Massachusetts law differently than two of the Massachusetts cases did, would this be an appropriate case to send to the SJC to see what they think? I know exactly where you're going with that, and I think, yes, it would be. Even if it was only for individual relief? Well, that's a slightly different question. Yeah. But I think... That's why I asked. In general, I think that it is a case that the SJC would be appropriate for them to resolve. Okay. Thank you. Good morning, Your Honors. May it please the Court. My name is Craig White. I'm here on behalf of Equity Residential Management, the APLE in this case. I had really only two issues that I was prepared to discuss this morning in the limited time available. The first one was whether or not the district court abused her discretion in electing to rule on the motion for summary judgment filed by the plaintiff before ruling on the motion for class certification. I concur with the Court's belief that the precedents in the First Circuit overwhelmingly... It's only mine. I'm not binding my colleagues. I understand. I do agree. Now continue. There is no question, I believe, that the precedents in the First Circuit overwhelmingly hold that it is not an abuse of discretion to reach the merits of a case in which no class has been certified. If that is the law, it is not possible for a district court to ignore the law or commit a plain error and thereby abuse her discretion by following it. In addition, in this particular case, the district court was plain in its indicated desire to rule on the motion for summary judgment before ruling on the motion for class certification and made that clear to both sides at the hearing on the motion for summary judgment. Thereafter, the plaintiff, Mr. Phillips, elected to ask for an enlargement of the brief that was filed, the final reply brief in support of class certification. That brief was filed on December 8. In that brief, the plaintiff argued that it made no difference if summary judgment was granted. It would not moot the class claims. In other words, it cannot be an abuse of discretion to do something that you are essentially invited to do. And that's what occurred here. The second issue, the only one I believe that is truly relevant for this appeal, is the issue of whether or not the district court correctly interpreted Sections 15b-6 and 15b-7. To get to that, I thought we just skipped the issue then of whether it's moot. If summary judgment was granted before class was certified, I believe that the individual plaintiff lost standing. Why? Because he didn't get everything he wanted? If the only thing additionally that he wanted is federal damages, I don't believe that, in and of itself, why would this be a live claim? He has a personal stake in the outcome of his claim, which he could appeal, which he's doing. He's vigorously contesting it. This isn't like Cruz, in which the government gave him everything he wanted. The relief he requested was given by the government. This is just a district court judgment, which is subject to appeal. The claim is as live before as afterwards. The district court effectively deprives him of the appeal. So what's wrong with that? Because the process of troubling is simply clerical and ministerial. There's no need for amendment of that judgment because it can be done on the face of the judgment itself. If we were to decide she was wrong, you're saying we can... Oh, wow. All right. I understood the argument that the case was not moved as having two components. But for us, he can't be deprived of his appeals right to raise two issues in front of us. The first is the treble damages question, and the second is whether she was correct in not reaching two other theories on which, even if she was correct on the jurat question about no treble damages, she might not be correct that she can ignore the other two theories on which she might well get award treble damages. So before us, there's nothing moved. It's only if we affirm her that the case becomes moved. So your brother has just said, gee, he wouldn't mind if the 93A question was certified to the SJC, even if it's only individual relief. What is your position on that? It's simply the certification question. Considering that the case is an $800 case, I would question the judicial economy. But on the other hand, if the court feels that it cannot or should not decide that question, certainly certification to the Massachusetts Supreme Court is a viable option on the question of interpretation of this particular statute. You know, one of the things that concerns me is this case started in state court, right? Yes. And you all brought it to federal court. And then the federal court declines to follow two state cases and does not say she is convinced the SJC would itself decline to follow its earlier cases. And so putting us in the position of deciding this 93A question, as you say, it's an $800 case. But we have to either face up to that question or send it to the SJC or tell her to send it to the SJC. Undoubtedly an option when it comes to interpretation of this particular statute. The SJC has not even touched this statute in more than 33 years. Just putting aside to try to understand the troubling issue, it's got a circular quality to how it impacts the movement, I see. But with respect to just the contention that he has a live claim to be the class representative and therefore it's not moot for that reason, what's your answer to that? His live claim ended when he obtained his judgment. No, but his claim is to be the class representative. I understand that his claim is to be the class representative. But every plaintiff who files a class action claims to be that representative. Right. And the law in this circuit, well the indicated law in this circuit, is that a class does not acquire any legal status until it is in fact certified. This is footnote 3 in the Cruz decision, where reference is made to the Third Circuit as being an outlier. Right, but that was what I thought we later said, that that, I don't know, the lawyer or whatever, says that Cruz there is talking about capable of repetition yet evading review and did not address the personal interest of the plaintiff. And here the personal interest, I think, what they're trying to say out of the case law, is to be the class representative. And I think... We haven't directly addressed that issue, is that right? We haven't directly addressed that issue, but I believe the precedents show that simply a desire to be a class representative is not enough to create a live controversy for Article 3 purposes. And I don't believe simply a desire to be a class representative should be sufficient for Article 3 purposes. So therefore, if there's no case or controversy, no continuing economic interest, then the ability to represent the class ends at the moment of judgment. Anything past that is for some other representative on some other day who picks up the spear. You know, just sort of, if you're just thinking about from the perspective of the district court when she decided her case, and she decided it was moot because of her ruling, there's a way in which that seems artificial because he still had a live interest in his claim, which means it wasn't just to be a representative. He still wanted to get more than he was getting from her. He wanted his securely deposited troubles. Yes. And he asked for reconsideration on that point. He still had that stake in the case beyond just, I know I got everything I wanted, but now let me also be a representative. At that moment, he was not just somebody seeking to be a representative. He was somebody with an interest in getting more relief than he got, and yet at that moment she said his case was moot. But if she hadn't thought it was moot because he still had the stake, she should have then turned to the class certification, and that both would have come up on appeal to us. We then would have had either a denial, and you could have then used the relating back doctrine like some circuits do, or you would have had a certified class, in which case there would obviously be no moot in this issue. So that's what's puzzling about it. She made this judgment early on, which it's not obvious to me she's right. Let's suppose, let's vary that, and suppose she looked at the class certification and said, but I'm not convinced that you meet the class requirements anyway. And then the question comes up to us. At the end of the day, any plaintiff in bringing any claim of this type is entitled to one thing, a refund of their security deposit minus legitimate counterclaims against it. In very limited circumstances, which the district court did not find here, the plaintiff can receive three times the security deposit, the maximum possible, under the section for which this case was decided, only a refund of the security deposit, nothing else. I just think you're jumping to the final part. At the moment he files his claim, he wants both the treble damages and the class certified. And the question is, what happened below that disentitled him to have the class certification issue answered? The only thing you're pointing to is that he didn't get everything from the district court he wanted. That seems like a strange reason to say the certification request is moot. He got the judgment he asked for. Well, he just didn't get as much money. Well, that would mean he didn't get what he wanted. If you gave me half a settlement, I wouldn't say you mooted my claim. On the other hand, but respectfully, this was not something that was forced on the plaintiff here. The plaintiff requested this and requested it at the time that is apparently troubling. Okay. Thank you. Your client does have an institutional interest in getting this 93A claim resolved, doesn't it? Your Honor, I respectfully, there was no 93A claim in this particular case. The treble damage claims arise about the statute. And the answer is yes. My client is a residential landlord. They want all questions associated with the Massachusetts security deposit statute resolved. They can't do business without clarity. Okay. Thank you. Thank you. I want to just clarify one thing I may have said in response to a question from Judge Lynch about the certification at SJC. I don't know if it is an individual claim. I'm not sure. I may agree with my brother on that. I don't know if it makes a lot of sense to do that for a claim of that nature. But I really do want to go back to class certification because I think that what the district court really created was sort of an untenable situation for the plaintiff. And by the way, it's not just the Rule 23 mandate. And I don't really believe that, I'm not convinced that the, if it's proves, certainly not, that the law of the circuit tells us that the court doesn't have to consider class certification. Because I think that's, I don't agree with that. I think the Supreme Court has said on a couple of occasions that the plaintiff who meets the requirements of the rule has a right to have the class certified. The court said it in Garrity. It said the Federal Rules of Civil Procedure give the proposed class representative a right to have the class certification, have the class certified, excuse me, if he meets the elements of the rule. The court said it again in Shady Grove. Said that Rule 23 unambiguously authorizes any plaintiff in any Federal Civil Proceeding to maintain a class action if the rules, prerequisites are met. And the words any are italicized in that opinion. And, of course, the court later in Campbell-Ewald said that the party deserves a fair opportunity to show that class certification is warranted. Do you agree that, are you saying you can never do summary judgment first? No. Okay, so if you do summary judgment first, then that just raises the question of when you do it and you find it for plaintiff, does that move the case? Well. And it either does or doesn't, that's an Article 3 issue. I think, right. Yeah, but I think what the court, the district court is obligated, well, let me go back to your question about summary judgment. First of all, there are many times when a court will defend a woman's motion for summary judgment or motion to dismiss. And a court will do that as a matter of judicial account. We say, okay, we'll resolve this, and if it resolves it and it resolves against the plaintiff, then there is no case and there's no point in dealing with class certification. But why would the court schedule briefing on class certification if it didn't intend to deal with it? Okay, all right, enough. Thank you. Thank you.